IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No. 18-10086-JWB

ALAN HAAG,

    Defendant.

## **MEMORANDUM AND ORDER**

This case comes before the court on the parties' motions in limine. (Docs. 29, 30 and 32.) The motions have been fully briefed and are ripe for decision. (Docs. 33, 38.)

**Government's Motion in Limine (Doc. 29)**

Self-serving Hearsay. The government seeks to prevent Defendant from introducing any of his hearsay statements through government witnesses. The government, however, does not specifically identify the statements. Defendant responds that he will not present evidence of Defendant's statements without advance permission of the court.

The government's motion is granted.

**Government's Motion in Limine (Doc. 30)**

Prior Convictions. In the event that Defendant testifies, the government seeks to introduce evidence of his prior convictions in state court under Rule 609. Defendant objects to the admission of three of those convictions, all in Case Number 10CR1684. Defendant does not respond to the government's motion to introduce the convictions in Case Numbers 10CR2195 and 10CR1683. Based on the statutes at issue in the latter two convictions, the court finds that they are admissible under Rule 609(a)(2).

1

In Case Number 10CR1684, Defendant pled guilty to two counts of theft and one count of burglary. The government seeks to introduce those statements under Rule 609 which states as follows:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

Fed. R. Evid. 609.

The government's motion generally identifies Defendant's prior convictions in Case Number 10CR1684. The motion, however, while specifically addressing the burglary conviction, does not specifically discuss the theft convictions in case 10CR1684, although the theft conviction in a related case was specifically addressed. Because it is unclear if the government is seeking to admit the two theft convictions, the court will address the admissibility of the thefts in Case Number 10CR1684.

Defendant argues that the convictions are not admissible because they were not for theft by deception but merely theft. Defendant attached the state court records for Case Number 10CR1684. Those records show that the complaint in the case charged Defendant with one count of burglary and two counts of theft. The statute cited in the complaint, pertaining to the theft counts, was K.S.A. 21-3701(a)(1)(b)(3). That statute stated as follows: "(a) Theft is any of the following acts done with intent to deprive the owner permanently of the possession, use or benefit of the owner's property: (1) Obtaining or exerting unauthorized control over property." However,

the plea agreement signed by Defendant stated that he was pleading guilty to K.S.A. 21-3701(a)(2)(b)(3) (2010). That statute stated that a defendant was guilty of theft if he deprived the owner of the use or benefit of the property by deception. There is no evidence in the record showing that the complaint was amended prior to the plea agreement.

The journal entry of judgment reflects convictions for K.S.A. 21-3701(a)(1)(b)(3). (See Doc. 38, Exh. A.) Therefore, although the plea agreement cites to the theft-by-deception statute, the convictions were under section 3701(a)(1) and the facts alleged in the complaint did not include any dishonesty or false statements. Therefore, the theft convictions did not require proof of dishonesty and the theft convictions in Case Number 10CR1684 are inadmissible under Rule 609 (a)(2).

The government also seeks to introduce evidence of the burglary conviction under Rule 609(a)(1)(B). The government does not identify how the probative value outweighs the prejudicial effect of the conviction. The government's motion is denied as to the burglary conviction, without prejudice.[1]

**Defendant's Motion in Limine (Doc. 32)**

<u>Stipulation.</u> Defendant seeks to stipulate to the second element of the charge, which requires the government to prove that Defendant has been convicted of a felony. Defendant, however, urges the court to instruct the jury that he is a prohibited person instead of a felon. The government objects to Defendant's stipulation and proposes a stipulation that would state that Defendant was convicted of a felony.

Defendant is charged with a violation of 18 U.S.C. § 992(g)(1). (Doc. 20.) In order to establish the charge, the government is required to prove the following elements beyond a

---

[1] In the event that Defendant does not stipulate to having been convicted of a felony, this conviction would be admissible to establish an essential element of the crime charged.

reasonable doubt: "First: the defendant knowingly possessed a firearm; Second: the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm; and Third: before the defendant possessed the firearm, the firearm had moved at some time from one state to another [or from a foreign country to the United States]." Pattern Crim. Jury Instr. 10th Cir. No. 2.44.

Although Defendant seeks a stipulation regarding the fact that he is a prohibited person, the crime charged and the Tenth Circuit pattern instruction requires proof that he has been convicted of a felony. Therefore, should Defendant choose to stipulate to the second element of the crime, which he is not required to do, Defendant must stipulate that he has been convicted of a felony. *See* § 992(g)(1); *United States v. Silva*, 889 F.3d 704 (10th Cir. 2018). If Defendant does not stipulate to his prior felony, then the evidence of his prior felony is admissible. Defendant's motion to modify the stipulation by using the term "prohibited person" is denied.

<u>Defendant's Invocation of his Fifth Amendment Rights</u>. The government states that it will not introduce this evidence at trial. Defendant's motion on this issue is granted.

<u>Investigation of Theft</u>. The government does not intend to offer this evidence unless it becomes relevant through evidence introduced by Defendant. Defendant's motion on this issue is granted, subject to reconsideration if Defendant makes the evidence relevant.

<u>Criminal History.</u> Defendant seeks to exclude any evidence of his criminal history. The government seeks to use certain criminal convictions to impeach Defendant if he testifies. Those convictions are discussed, *supra*.

The government does state that it will offer evidence of Defendant's criminal history to impeach Defendant if he offers his own hearsay statements through another witness. However, as noted *supra*, the court is granting the government's motion to exclude such statements, and

Defendant has specifically agreed not to try to introduce any such statements without the court's approval. Accordingly, the court will only take up this proposed use of Defendant's criminal history if Defendant seeks leave to introduce his own hearsay statements.

<u>Drug Use</u>. Defendant seeks to exclude any evidence of his drug use or possession. The government responds that it would seek to introduce evidence of Defendant's drug use to question his memory or recollection. Should Defendant testify, the government may use Defendant's drug use to question his memory or recollection but only if the evidence of Defendant's drug use is sufficiently recent and of a type that it could plausibly have an effect on relevant portions of Defendant's memory. *See United States v. Smith*, 156 F.3d 1046, 1055 (10th Cir. 1998).

## **Conclusion**

Defendant's Motion in Limine (Doc. 32) is GRANTED IN PART and DENIED IN PART. The government's motion in limine (Doc. 29) is GRANTED. The government's motion in limine (Doc. 30) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 4th day of September, 2018.

        __s/ John W. Broomes_____
        JOHN W. BROOMES
        UNITED STATES DISTRICT JUDGE